**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SAMUEL J. SINGLETON,

    Defendant - Appellant.

No. 02-2142
D.C. Nos. CIV-01-1084 BB/LFG and
CR-96-411 BB
(D. New Mexico)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Samuel J. Singleton and numerous others were charged in a twenty-eight

count indictment with various drug offenses, including conspiracy to distribute

and to possess with intent to distribute one kilogram or more of a mixture or

substance containing methamphetamine in violation of 21 U.S.C. § 841 (a)(1) and

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

21 U.S.C. § 841 (b)(1)(A). Mr. Singleton pled guilty to the conspiracy charge as part of a deal involving other codefendants. Several of the defendants who pled to the conspiracy count, including Mr. Singleton, subsequently moved to vacate their pleas. The motions were denied and the district court's ruling was affirmed on appeal. *See United States v. Hernandez*, Nos. 98-2311, 98-2312, 98-2324, 98-2331, 98-2346, 98-2350, 98-2351, 98-2352, 98-2354, 09-2355, 2000 WL 797332 (10th Cir. April 24, 2000).

Mr. Singleton then brought this pro se action under 28 U.S.C. § 2255, alleging that he was sentenced under section 841(b)(1)(A) in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that his sentence was enhanced on the basis of his leadership role in the offense in violation of *Apprendi*, that his constitutional rights were violated by a pretrial search of his jail cell during which materials protected by the attorney-client privilege were seized, and that he was denied the effective assistance of counsel.[1] The matter was referred to a magistrate judge, who issued a report and recommended that the motion be denied and the case dismissed with prejudice. Mr. Singleton filed objections to the report. The district court conducted a de novo review of those portions of the report to which Mr. Singleton objected, adopted the report and recommendation,

---

[1] Mr. Singleton also asserted that he was sentenced under unconstitutional statutes, a claim he has abandoned on appeal.

and dismissed the motion. The court also denied Mr. Singleton's request for a certificate of appealability. Mr. Singleton appeals.

Mr. Singleton pled guilty to a conspiracy involving one kilogram or more of a mixture containing methamphetamine. Following his plea, he was sentenced under section 841(b)(1)(A)(viii) to 241 months (twenty years and one month) in prison. The version of section 841(b)(1)(A)(viii) under which he was sentenced provided a sentence of not less than ten years to life in prison for a drug violation involving one kilogram or more of a mixture containing methamphetamine.[2]

After *Apprendi*, when drug quantity is used to enhance a sentence beyond the statutory maximum, the amount must be charged in an indictment and proven to a jury beyond a reasonable doubt. *See United States v. Lujan*, 268 F.3d 965, 967 (10th Cir. 2001). Here, however, no *Apprendi* violation occurred. The count in the indictment to which Mr. Singleton pled guilty specifically charged that the crime involved one kilogram or more of a mixture containing methamphetamine, and Mr. Singleton's guilty plea waived a jury determination of the amount. *See Lujan*, 268 F.3d at 969.[3] Accordingly, Mr. Singleton was properly sentenced

---

[2] Section 841 (b)(1)(A)(viii) was amended in 1998 to substitute the one kilogram amount with an amount of 500 grams. *See* Pub.L. 105-277 (1998). Mr. Singleton falls within either version of that provision.

[3] Mr. Singleton's reliance upon *United States v. Wilson* 244 F.3d 1208 (10th Cir. 2001), is misplaced. In that case, the defendant did not plead guilty but instead proceeded to trial and stipulated during trial to the drug amount charged in the indictment. We stated in dicta that we were "not inclined to consider the

under section 841(b)(1)(A)(viii). Because his sentence of 241 months is within the statutory maximum of life in prison, no violation of *Apprendi* occurred.

Our conclusion that Mr. Singleton was properly sentenced under section 841(b)(1)(A)(viii) is also dispositive of his claim that his sentence enhancement violated *Apprendi*. Because the maximum sentence under this provision is life in prison and Mr. Singleton's sentence, even with the enhancement, fell below this maximum, no *Apprendi* violation could have occurred as a result of the court's determination that Mr. Singleton played a leadership role in the offense.

Mr. Singleton claims that the pretrial search of his jail cell and the seizure of all his papers violated his rights under the First, Fifth and Sixth Amendments. Mr. Singleton asserts that the government's action in removing all correspondence from his cell made him unwilling to communicate with his attorney in writing. He claims he was thus prejudiced by the government's conduct and is entitled to be resentenced.[4]

---

stipulation as controlling, considering the lack of incentive to contest drug quantity before *Apprendi* and the fact that Mr. Wilson did request a jury instruction requiring the jury to consider approximate quantity." *Id.* at 1215 n.3. Here, Mr. Singleton went far beyond stipulating to a fact; he waived a jury trial and admitted guilt by his plea. *See North Carolina v. Alford*, 400 U.S. 25, 32 (1970) ("judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged").

[4] Mr. Singleton's argument that the search and seizure violated his First Amendment rights fails because inmates have no reasonable expectation of privacy in their cells. *See Hudson v. Palmer*, 468 U.S. 517, 524-30 (1984). His Fifth Amendment argument fails because he has made no showing that any

This court addressed "the appropriate Sixth Amendment standards governing an intrusion by the prosecution into the defendant's communications with his attorney" in *Shillinger v. Haworth*, 70 F.3d 1132, 1134 (10th Cir. 1995). We held that "when the state becomes privy to confidential communications because of its purposeful intrusion into the attorney-client relationship and lacks a legitimate justification for doing so, a prejudicial effect on the reliability of the trial process must be presumed." *Id.* at 1142. In this case, the government contended that it had a legitimate justification for seeking a warrant to search the cells of Mr. Singleton and other jailed coconspirators because it wanted to seize "evidence that the defendants were conspiring to avoid conviction by not pleading guilty." Rec. vol. I, doc. 9 at 15. The magistrate judge concluded that the government had set forth a legitimate justification for the search and seizure and that Mr. Singleton had failed to make the required showing of prejudice.

On appeal, Mr. Singleton argues that the government's reason for obtaining the warrant, to gather evidence that the defendants were conspiring to avoid conviction by not pleading guilty, is hardly a legitimate justification. He points to a lack of authority for the proposition that a criminal defendant violates the law by conspiring to plead innocent and go to trial. We need not decide whether a per se Sixth Amendment violation occurred here however, because a close reading of

evidence gathered in the search resulted in his self-incrimination.

-5-

the portion of *Haworth* discussing the remedy for such a violation indicates that there is no basis for imposing a remedy at this stage of the proceedings in any event.

It is undisputed on this record that the trial team of prosecutors was shielded from access to any privileged information obtained by the search because a separate team of prosecutors and agents reviewed all the items seized. A magistrate judge acting as a special master reviewed the seized documents and conducted an evidentiary hearing, after which he "found that the trial team for the United States Attorney's office had been shielded from any privileged information that had been seized. At no time was any privileged information, or the fruits of privileged information used against Defendants by the prosecution." Rec. vol. I, doc. 9 at 15. These events all occurred well before Mr. Singleton's guilty plea proceedings and his sentencing.

In *Haworth*, in addressing the appropriate remedy for a per se Sixth Amendment violation, this court pointed out that under governing Supreme Court authority, "'[c]ases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'" *Haworth*, 70 F.3d at 1142 (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1980)). "'Our approach has thus been to identify and then

neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial.'" *Id.* at 1143 (quoting *Morrison*, 449 U.S. at 365).

In the instant case, even assuming that the government intruded into Mr. Singleton's attorney-client relationship without legitimate justification, thereby giving rise to a per se Sixth Amendment violation, the appropriate remedy was provided by the use of a separate government team to review the documents and the special master's hearing to assure that the trial prosecution team had been shielded from any privileged information seized. Absent any showing by Mr. Singleton that despite these measures the government's conduct intruded into his relationship with his counsel and affected either his subsequent decision to plead guilty or his later sentencing proceeding, there is no basis for imposing a remedy at this time.[5]

Finally, we turn to Mr. Singleton's argument on appeal that his attorney was ineffective in failing to request a hearing under *Franks v. Delaware*, 438 U.S.

---

[5] Mr. Singleton also contends that the government engaged in misconduct in obtaining and executing the search warrant, contending that the prosecution's motive was not to gather evidence but to coerce him into pleading guilty. As the district court pointed out, Mr. Singleton did not raise this claim until his objections to the magistrate's report and recommendation. Because the cell search occurred prior to the plea proceedings, Mr. Singleton could have raised this issue before he entered into his guilty plea or in his challenge to the voluntariness of his plea. His argument comes too late.

154 (1978). This issue is raised for the first time on appeal and we therefore do not consider it. *See In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992).

A petitioner seeking to appeal an order disposing of a section 2255 proceeding must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). Such a certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right, *id.* § 2253(c)(2), a showing that includes a demonstration that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As discussed above, Mr. Singleton has failed to make such a showing and we therefore **DENY** his request for a certificate of appealability and **DISMISS** his appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge